USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/11/2025__



45 Ottawa Avenue SW
Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306

MERITAS LAW FIRMS WORLDWIDE

616.831.1772
PortingaA@millerjohnson.com

September 10, 2025

Hon. Analisa Torres
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New Your, 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:  *J.R. Automation Technologies, LLC v. Holstege*, 1:25-cv-04946

Dear Judge Torres:

This is Defendant's pre-motion letter, as required by this Court's *Individual Practices in Civil Cases* Guidelines. Defendant intends to file a motion to reassign and consolidate this case with Case 1:25-cv-03417-AS. The motion will be based on Local Rule 13 of the *Rules of the Division of Business Among District Judges* and Federal Rule of Civil Procedure 42.[1]

This case is related to, and presents common questions of law and fact with, four other cases pending in this Court. They are (1) *J.R. Automation Technologies, LLC v. Cook et al*, 1:25-cv-03417-AS ("*Cook*"), (2) *J.R. Automation Technologies, LLC v. McIllwain et al*, 1:25-cv-03418-NRB ("*McIllwain*"), (3) *J.R. Automation Technologies, LLC v. Lowell et al*, 1:25-cv-03419-LJL ("*Lowell*"), (4) *J.R. Automation Technologies, LLC v. Sarchet et al.*, 1:25-cv-04945-JHR ("*Sarchet*"). Cook was the first-filed of these five cases. The plaintiff's claims each case are effectively identical. In each of these cases, J.R. Automation has sued former employees who left for better opportunities. Each of the departing employees was a party to a Management Incentive Unit Agreement, which contains non-competition and non-solicitation provisions. The complaints in the case are substantially similar. The defendants in *McIllwain*, *Sarchet*, and *Hostege* will contemporaneously be filing for similar relief to have those cases reassigned and consolidated with Case No. 1:25-cv-3417.

Each of these cases will also involve certain nearly identical defenses. While J.R. *Automation* is the plaintiff in each of the cases, it is not a party to the Agreement

---

[1] Via email of August 25, 2025, September 2, 2025, and September 9, 2025, the undersigned sought Plaintiff's concurrence on this anticipated motion. Concurrence was not granted.

MILLER JOHNSON

Hon. Analisa Torres
September 10, 2025
Page 2

---

it seeks to enforce.  Instead, the Agreement is with J.R. *Technology Holdings*, LLC, which is J.R. Automation's former grandparent.  J.R. Technology Holdings sold J.R. Automation and other entities to Hitachi Ltd in 2019.  The Agreements were not assigned as part of the sale.  And when several of the employees left J.R. Automation, they explicitly asked if they were subject to any non-competition agreement.  They were uniformly told, "no."  Finally, the non-competition provisions are overbroad and unenforceable under Delaware law, which governs the agreements.

     These cases therefore present a common issue:  whether the non-competition and non-solicitation provisions in the Agreements can be enforced against the defendants.  To avoid the duplication of judicial efforts and the possibility of inconsistent judgments, the cases should be reassigned to one judge consolidated into one action.  Further, these cases are in their infancy, and reassignment and consolidation will not delay either case.  Accordingly, Defendants submit that this case and the other related cases should be reassigned to Honorable Arun Subramanian, who is presiding over Case No. 1:25-cv-03417-AS, because that case has the lowest docket number.

                           Sincerely,

                           MILLER JOHNSON

                           By       */s/ D. Andrew Portinga*
                                   D. Andrew Portinga

Plaintiff shall respond to Defendant's pre-motion letter at ECF No. 26 by **September 18, 2025**.

SO ORDERED.

Dated: September 11, 2025
       New York, New York

                           ANALISA TORRES
                           United States District Judge